Alexander H. Vandenberg, Respondent, v. Peter Reiss Construction Company, Inc., and George H. Flinn Corporation, Appellants.†— Judgment as to defendant Peter Reiss Construction Company, Inc., unanimously affirmed, with costs. Present — Young, Kapper, Hagarty, Scudder and Tompkins, JJ. Judgment as to defendant George H. Flinn Corporation affirmed, with costs, the majority of the court being of opinion that the wire mesh had been permitted to protrude by said defendant prior to the entry upon the work of defendant Peter Reiss Construction Company, Inc. (see testimony of Hepburn, fols. 675–676), and that the protruding wire mesh was a contributing cause of the plaintiff's fall. It was for the jury to say what portion, if any, of the testimony of the witness Kelly should be accepted. Kapper, Hagarty and Scudder, JJ., concur; Young and Tompkins, JJ., dissent as to defendant George H. Flinn Corporation, with memorandum, and vote to reverse the judgment and dismiss the complaint as to that defendant. This defendant had left the job about five weeks before the accident, and during that period and at the time of the accident the Reiss Company and the station finish division of the board of transportation were in control of the work. There is no evidence that Flinn left any defective ladder on the job or that the ladder with a rung missing, from which the plaintiff fell, ever belonged to Flinn. There is no evidence that the ladder from which plaintiff fell was placed in position by any Flinn employee. The defective ladder in question was placed in various positions by Reiss' men; there was no proof that any Flinn employee was on the job or touched a ladder on the day of the accident or for several weeks before (fols. 64, 94, 656, 786–789). It was testified, without dispute, that between eight-thirty and nine-thirty on the morning of the accident, the ladder in question was up against the north wall (fol. 392) and that later,

* Revd., 264 N. Y. 101.  † Mdfd., 263 N. Y. 500.

when plaintiff ascended the ladder at ten A. M., it was from two to two and a half feet away from the north wall, so as to bring the wire mesh between the rungs of the ladder (fols. 94, 143). If the ladder had remained flush against the north wall, the wire mesh would not have protruded as far as the ladder (fol. 310). No Flinn employee was on the job at that time. With reference to the wire mesh, it must be found from the testimony that it was placed by Flinn in accordance with the plans and specifications and pursuant to the direction of the city board of transportation (fols. 848, 849, 855, 856). It was uncontradicted that Kelly, representing the construction division of the board of transportation, gave orders to Flinn concerning the work and never directed Flinn to cut off or remove any of the wire mesh after it was placed there pursuant to the plans and specifications, notwithstanding the fact that the work was inspected on or about January fourteenth, when Flinn left the job (fol. 857). We think there is no evidence in the record justifying a finding of negligence on the part of Flinn and that the sole cause of the accident was the negligence of defendant Reiss in failing to provide a safe ladder for plaintiff's use. In our opinion the verdict is contrary to the law of the case as charged by the trial judge at folios 1085 and 1086.